BLANCO FRESNO & Co., *S. en C.,* Plaintiff and Appellee, *v.* ROYAL INSURANCE COMPANY, Defendant and Appellee; and PORTO RICAN & AMERICAN INSURANCE Co., Intervener and Appellant.

No. 6155. Argued November 9, 1932.—Decided November 17, 1932.

H. *Brown*, C. *Ruiz Nazario*, and G. E. *González*, for appellant. A. *García Ducós* for plaintiff-appellee. *José Sabater* for defendant-appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

A suit brought by Blanco Fresno and Co., *S. en C.*, against Royal Insurance Co. was terminated by judgment dismissing the complaint with costs. With said judgment as a basis, defendant asked for an attachment of plaintiff's property in the amount of $1,200 to secure the payment of costs. The attachment was decreed without bond and was levied on an equal amount of cash that plaintiff had in a bank, but later it was substituted by a $1,500 bond given by the Porto Rican & American Insurance Co. Upon the judgment becoming final (*firme*), defendant filed its memorandum of costs which was objected to by plaintiff, and the corporation which acted as surety filed a motion for leave to intervene in the suit in order to establish the nullity of the bond it had given and to object to the memorandum of costs filed. With this motion it filed another stating the grounds upon which the corporation relied in asking that the order of attachment, the attachment levied, and the bond given be annulled, and also the grounds for objecting to the memorandum of costs, which are substantially those of plaintiff. The court decided the motion of the surety by entering two orders: one refusing it leave to intervene, although allowing it to be heard as *amicus curiae* on the memorandum of costs,

and another passing upon plaintiff's objection to the memorandum of costs, which was approved after reducing certain items. These two orders were appealed by the Porto Rican & American Insurance Co., and we are now asked to dismiss the appeal for the following reasons: (1) Because the surety company is not a party to the proceedings and has not been allowed to intervene; (2) because the application for intervention is premature, as there is at present no proceeding pending against the surety; (3) because an order denying intervention is not appealable; and (4) because the appeals filed are frivolous.

The question of whether or not the application for intervention is premature, as alleged in the second ground for dismissal, or in other words, whether or not the surety has a right to intervene at this time, is a question to be decided in the appeal and not a ground for dismissing the appeals taken.

The first and third assignments may be considered jointly. It is true that the Porto Rican & American Insurance Co. is not a party to the suit and has been denied intervention, but it is likewise true that an order denying intervention is appealable, as it decides in a final way that the party applying for intervention does not have a right to intervene, and is equivalent to a judgment against said party as to the questions presented as grounds for the allowance of the intervention. 20 Cal. Jur. 528, and cases there cited. It is generally held that an order denying intervention is a final judgment or order so far as the applicant is concerned and subject to appeal. 3 C. J. 478.

The defendant and appellee urges as a last ground for dismissing the appeal that the same is frivolous, because when payment shall be demanded of the surety company the latter will have an opportunity to protect its rights and set up its defenses. However, since the appellee itself acknowledges that the surety company has a right to defend itself when asked to pay, it cannot be maintained that its appeal is

frivolous because of its having filed the application for intervention before such demand was made.

The motions for dismissal will be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.